NO. 07-12-00145-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
JUNE 14, 2012
--------------------------------------------------------------------------------

 
 EX PARTE MOHAMID MAHDI ABDULKADIR
--------------------------------------------------------------------------------

 
 FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;
 
 NO. 52,665-C; HONORABLE ANA ESTEVEZ, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 ORDER OF ABATEMENT AND REMAND
On April 19, 2012, appellant, Mohamid Mahdi Abdulkadir, filed a notice of appeal from an order entered by the 251st District Court of Potter County, Texas, denying appellant's motion for post-conviction DNA testing and appointment of counsel. We abate the appeal and remand the cause for further proceedings.
On May 23, 2012, the trial court clerk filed a motion for extension of time to file the clerk's record because appellant had not paid or made arrangements to pay for the record. This Court granted this request for extension and sent correspondence to appellant informing him that he needed to make payment or arrangements for preparation of the clerk's record. This letter directed appellant to ensure that the clerk's record was filed or to file a certification that payment or arrangements for payment had been made by June 27, or the appeal may be dismissed for want of prosecution. See Tex. R. App. P. 37.3(b). On June 11, appellant filed a document with this Court entitled "Relator's Motion for Court Order Granting Indigency Status," which includes a declaration of inability to pay costs. Given the content and context of this filing, we construe this document to be a request to have the appellate record furnished without cost under Texas Rule of Appellate Procedure 20.2. Because it is for the trial court to determine whether appellant is entitled to a free record on appeal, see Tex. R. App. P. 20.2, we now abate and remand this cause to the trial court. See Tex. R. App. P. 43.6.
Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; and (3) if appellant is indigent, whether appellant desires to be appointed representation on appeal. If the trial court determines that appellant is indigent, we further direct the trial court to order the clerk and reporter to prepare the record and to provide the same to appellant or appellant's counsel. Finally, if the trial court determines that counsel should be appointed to represent appellant on appeal, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed attorney. 
The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerks record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporters record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerks record or the supplemental reporters record; and (5) cause the records of the proceedings to be sent to this Court. In the absence of a request for extension of time from the trial court, the supplemental clerks record, supplemental reporters record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than July 12, 2012. 

Per Curiam
Do not publish.